OPINION OF THE COURT
Patrick D. Monserrate, J.
Under date of June 25, 1991, petitioners, Mark W. and Janice Pace, have applied to the court for an order permitting their 17-year-old son Mark to participate in certain interscholastic athletic programs (Education Law § 3208-a).
THE FACTS
Mark R. Pace is entering his senior year at respondent’s *1002 Dryden Central High School in the Town of Dryden (Tompkins County). He has been active in sports from the time he was a young child, and while at the school has participated in both football and basketball at the junior varsity and varsity levels. His parents concur in his enthusiasm for sports and in the character building value of his continuing participation.
In January of this year, Mark sustained internal injuries when he was thrown from some type of unenclosed motor vehicle and struck a tree.* Emergency surgery saved his life but resulted in the removal of his left kidney. All of the evidence submitted on this application is consistent with the conclusion that Mark has completely recovered and continues to lead an otherwise normal life, including unsupervised athletic activities.
However, following a required physical examination of Mark on behalf of respondent district, Dr. Michael Niziol made a written recommendation to the Superintendent that Mark be prohibited from participation in contact sports against the dire consequences of damage to his remaining kidney. With understandable prudence the Superintendent has issued such a directive with respect to Mark.
THE LAW
In 1986, the Legislature added section 3208-a to the Education Law (see, L 1986, ch 763), so as to create a remedy whereby a student may have recourse through the courts to enjoin a school district from prohibiting his or her participation in an athletic program by reason of a physical impairment. The statute requires that the petition of the student’s consenting parent or guardian be accompanied by two independent medical opinions attesting to the physical capacity of the student to participate in the desired activity, that such participation would be "reasonably safe,” and whether any safety or preventive measures or devices are needed to protect the student (Education Law § 3208-a [2]).
The ultimate determination is then to be made by the court whether such participation would serve the student’s best interests.
*1003 THE DECISION
It is undoubtedly a result of the law’s relatively young age which accounts for the apparent absence of reported case law applying its provisions. However, its purpose is clear, its requirements are reasonable, and its appropriateness to the case at bar is readily discernible.
Petitioners’ lawyer has made them aware that by choosing this course they waive any liability claim against the district in the event that the subject injury does occur (Education Law § 3208-a [4]).
The medical affidavits supporting their position — one from a specialist in urology, the other from Mark’s family physician —provide ample information from which to conclude not only that Mark’s continued participation in contact sports is "reasonably safe” but that the medical professionals have discussed with Mark and his parents the health risks involved.
It is equally clear to the court — from the four corners of the petition and other thoughtful writings submitted therewith— that Mark’s parents fully understand the risks and legal consequences attendant to the mature decision which they have made, in unity with their son, that the assumption of that risk is outweighed by the potential benefits to Mark from continuing to participate in football and basketball and to contribute to the teams which represent his school. Mark and his parents obviously believe that his "best interests” in growing toward the person he can be lie with such participation.
Given such fully informed and deliberative decision making by those in the best position to make it, it would be as unreasonable for the court to second-guess the Paces as it would be to fault the Superintendent for the action which he took on Mark’s behalf (as well as that of his district) after receiving Dr. Niziol’s letter.
CONCLUSION
For the reasons given, the petition enjoining respondent school district from prohibiting Mark R. Pace from participating in Dryden Central High School’s football and basketball programs should be granted.

 Petitioners’ papers indicate Mark was in a "motor vehicle accident” but it is apparent from the facts that he was operating or riding some type of motor bike or all-terrain vehicle.